1  DALE A. BLICKENSTAFF, #40681
2  Attorney at Law
3  5151 North Palm, Suite 10
4  Fresno, California 93704
5  Telephone: (559) 227-1515
6  Facsimile: (559) 221-6557
7
8  Attorney for Defendant James Edward Lee

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-F-02-5301-OWW |
| Plaintiff, | SENTENCING MEMORANDUM |
| vs. | |
| JAMES EDWARD LEE, | |
| Defendant. | |

## CASE STATUS

James Edward Lee entered a plea of guilty to a violation of 18 U.S.C. 2251(a) and (d)(2) on March 31, 2004. Mr. Lee was to be sentenced on July 12, 2004 but that date and several other sentencing dates were continued due to the unsettled law regarding the application of the Federal Sentencing Guidelines to this pending case along with others in this same Indictment.

In keeping with procedural rules informal objections and responses regarding the Presentence Report were carried out. Formal objections and responses have been filed.

This matter is now set for sentencing on March 28, 2005 at 1:30 p.m.

## APPROACH

The defense wishes to recount salient facts regarding defendant's background and activity up to his date of arrest on the current offense and then to attempt to apply these facts in rebuttal to many of the factual assertions in the Presentence Report.

It may be that disputed facts will only be resolved by an evidentiary hearing at the time of sentencing or thereafter.

Lastly, the defense will attempt to suggest an appropriate sentence in light of recent decisions and by taking into account the real conduct of the defendant.

## FACTUAL BACKGROUND

Defendant was born and raised in Frankfort, Indiana, a small town of about 20,000 people. He attended local schools in Frankfort and completed one semester at Purdue University. His one marriage ended in divorce but produced one child - a son who is now twenty-one years old.

Mr. Lee's family owned and operated a roller skating rink in Frankfort and the defendant worked there until his first arrest in 1999. Thereafter the rink was sold.

Mr. Lee wanted to make his living as a photographer and although he had no formal training he purchased equipment and held himself out as a photographer for hire and even advertised the fact. He had no studio but rather worked from his home.

He placed an advertisement on a website called One Model Place which could be accessed by anyone interested in looking at images of people of any age who held themselves out as models. Also, photographers could post images of their photos to see if others may have interest in a particular subject.

In 1999, Mr. Lee was in a live-in relationship with Betty Townsend who had a fifteen year old daughter - Stephanie. Defendant took several photographs of Stephanie, the vast majority showed her in various poses fully clothed. There were some photos including individual frames of a video which showed her unclothed. These photographs and frames were taken in the Summer and Fall of 1999. Some of these photos or images were transmitted via internet to one person - Joseph Durborow. Also, in the Fall of 1999 the defendant was in possession of several photos of

two young girls at his roller rink and thereafter transmitted those digital images to Joseph Durborow via the internet.

Mr. Lee was arrested on October 1, 1999 by local authorities in Frankfort, Indiana based on the statements of the two young girls. He was released soon after his arrest but on July 7, 2000 was sentenced to eighteen months in prison based on his admission of child exploitation.

Despite the seizure of his computer equipment at the time of his arrest, no images of Stephanie or the two girls or anyone else were shown to be preserved in the computer's memory or in any other electronic memory devices possessed by Defendant..

Defendant was released from the Indiana prison on April 6, 2001 after serving approximately nine months. He was admitted to probation (not parole) and was supervised by a Frankfort probation officer. He participated in a sex offenders' program which he completed in good order. Defendant was discharged from probation on October 7, 2002. On November 1, 2002 defendant was arrested on the instant offense and has been in custody ever since.

## DEFENDANT'S RESPONSE TO PRESENTENCE REPORT

**Paragraph 2d**

**Passage:** The defendant agrees not to oppose the Government's recommendation that he be sentenced to a total term of 210 months in custody.

**Comment:** At the time of negotiation of the plea agreement, the Guidelines calculation of 210 months was the offer by the Government otherwise trial was a necessity. The only benefit to defendant was occasioned by his cooperation (which he performed) which would reduce his sentence to 168 months pursuant to Rule 35 of the Federal Rules of Criminal Procedure. At the time of the plea negotiations there was no thought given to future U.S. Supreme Court decisions which would cause the method of sentence calculation to become advisory rather than mandatory.

**Paragraph 4**

**Response:** Mr. Lee does not deny his role in picture taking of Stephanie and the two young girls in the Summer and Fall of 1999 and the transmission of those images via the internet to Joseph Durborow. The extent of his picture taking will be addressed in later paragraphs.

**Paragraph 5**

**Response:** Mr. Lee does not deny his conversations with Mr. Durborow regarding images showing "tickling" of Stephanie. He does deny ever having physical contact of a sexual nature with any minor and did not arrange to have minors travel to and among the co-conspirators.

**Paragraph 7**

**Response:** Mr. Lee was in custody in Indiana on local charges there from July, 2000 to April 2001 and therefore, Emmerson could not have transmitted photographs of minor children engaged in sexually explicit conduct to Mr. Lee. Mr. Lee had no access to a computer during this time period.

**Paragraph 8**

**Response:** For nine of the eighteen months, Mr. Lee was incarcerated in Indiana.

Mr. Emmerson contacted Mr. Lee from time to time inquiring about photography, the equipment used and how to obtain models, albeit children, and how to deal with their parents. Mr. Lee insists his conversations with Emmerson were legitimate and dealt with honest business subjects. If Emmerson interpreted Lee's advice in a nefarious way (i.e. placing Lee's e-mails in a file marked "Harvesting Children") that was Emmerson's doing not Lee's.

**Paragraph 9**

**Response:** Mr. Lee was in custody in Indiana and had no access to a computer.

**Paragraphs 10, 11, 12**

**Response:** Defendant ultimately pleaded guilty to a felony child exploitation charge in Indiana and served a term in prison. However, the facts related in these three paragraphs are not accurate as to the truth.

According to the Defendant, the fifteen year old boy, Keene, had been using Defendant's camera taking various pictures throughout the day. Defendant was in his office when Keene and the two girls brought the camera to his office and showed him the pictures. Defendant did not take any of the pictures. He denies telling Keene he could not get into trouble as he was a juvenile. Defendant denies he suggested the girls take off their clothes or pose in a particular way.

Defendant denies he offered the girls money or that he would open a bank account for them or tell them they had done the right thing.

Defendant admits he told the girls not to tell what happened as he would get in trouble and "it would be on the news." Defendant admits he sent images of the pictures to Joseph Durborow but no one else.

Defendant maintains that two employees at the rink gave affidavits to his then defense attorney that they were with Defendant during the time the pictures were taken and therefore Defendant could not have been the photographer.

**Paragraph 13 - No response.**

**Paragraph 14**

**Response:** Defendant had very little contact with Emmerson before October 1, 1999 which was the day of his arrest in Indiana on local charges. Defendant recalls some additional contact with Emmerson after his arrest and before going to prison in July, 2000 but insists there was no exchange of child pornography.

Emmerson apparently aspired to be a photographer and wanted Defendant's advice as to how to go about it. Emmerson would transmit images of his work which showed mainly children who were clothed. Defendant maintains he became numb to the voluminous transmissions because Emmerson's photo taking ability wasn't very professional and was repetitive and boring.

After Defendant's release from prison in April, 2001 the exchanges between Emmerson and Defendant resumed except many times the transmissions by Emmerson and by Defendant accessing Emmerson's computer, contained child pornography. Defendant insists he did not solicit or want this material but rather it was intermixed with legitimate images.

Defendant did not supply Emmerson with child pornography. Defendant resumed his photography after his release from prison. He contracted with another photographer in Colorado to take digital photographs and forward them to him - none of these photos was pornographic.

Counsel observed in the discovery images of two young girls in a bath tub filled with water. The only visible parts of their bodies was above the waist. Another image showed the bare back above the waist of a young teenage girl. Defendant admits he transmitted these images to

Emmerson but insists they weren't pornographic. In fact, in both instances the subjects' mothers were present and had suggested the particular poses.

In short, the material sent to Emmerson by Defendant was not pornographic; the material received from Emmerson either by being sent by Emmerson or downloaded by Defendant from Emmerson's computer contained sexually explicit material which Defendant erased.

**Paragraph 15**

**Response:** It is counsel's belief the statement that Emmerson's computer contained images of Stephanie and the two young girls at the roller rink is in error. Those images were transmitted only to Durborow and not by Lee to Emmerson. If counsel is correct, they were not transmitted by Durborow to Emmerson either. It is counsel's recollection Detective Mike Cassida confirmed none of the Stephanie images or those of the two young girls was found in the Emmerson collection. Rather, they were found in the Durborow materials and were traced to the Defendant.

It is accurate that several hundred pages of chat logs were recovered from Durborow attributed to conversations between Durborow and Defendant but those logs were not part of the Emmerson material. Please see responses to Paragraph 17 for comments to statements regarding "S" or Stephanie.

**Paragraph 16 - No response**

**Paragraph 17**

**Response:** Defendant did take digital photographs of Stephanie on numerous occasions but only on one occasion when she was nude. Of the nude photos one showed the pubic region; the rest showed her having panties on with her being bare above the waist. No one besides Defendant was present when these pictures were taken.

On another occasion, Defendant took a video of Stephanie with a young boy present. This video resulted in approximately 10 "captures" made of individual frames. The "caps" were seized from the Durborow materials and disclosed Stephanie covered below the waist (with a skirt and panties) in all of them; in one, her top is removed or out of place exposing her breasts.

The boy was present to "tickle" Stephanie but never touched her genitalia or breasts.

1  Defendant denies he ever paid the boy.  Defendant denies he told Stephanie to spread her legs or
2  touch herself.  The images themselves belie such poses.
3  **Paragraph 18 - No response**
4  **Paragraph 19 - No response**
5  **Paragraph 20**
6  **Response:** As stated above, sometime between April, 2001 and January, 2002 (eight
7  months) Defendant received transmissions from Emmerson and downloaded from Emmerson's
8  computer images of models posing for Emmerson and some of the images were sexually explicit.

## POINTS AND AUTHORITIES RE: SENTENCING

10  The Defendant does not deny he photographed a minor either naked or almost so and that
11  he transmitted these images and those of the young girls at the roller rink via the internet.  He also
12  sent images of photos he took of young female models but disputes those photos display sexually
13  explicit conduct as defined in 18 U.S.C. 2256.
14  He does not deny he received child pornography from Emmerson but explains this material
15  was intermixed with legitimate images, albeit weak attempts at professional photography.  He
16  denies he sent child pornography to Emmerson.
17  After Blakely v. Washington, 542 U.S. _____, and now U.S. v. Booker  Fan Fan _____
18  U.S. _____, the recommended sentence in the instant matter should be re-examined.  The
19  enhancements owing to age of victim (paragraph 32), relationship (paragraph 25), multi count
20  adjustment (paragraph 47) should not prevail as mandatory under the foregoing authority.  Rather,
21  the Court must apply the standard set forth in 18 U.S.C. 3553 when deciding an appropriate
22  sentence.  The argument which follows will attempt to dissuade the Court from following the
23  recommendation of 210 months of imprisonment and instead adopt a lesser term.
24  Defendant's criminal involvement does not approach the magnitude of the conduct of his
25  co-defendants.  Even though he photographed Stephanie and sent her images along with others he
26  never touched his subjects.  He never caused them to depict sexual intercourse or graphic or
27  lascivious exhibition of the genitals as others in this indictment have done.  Indeed, he has done
28

little more than some renown photographers have depicted in their art form which is commonly found in most quality bookstores.

The plea agreement recounts assent by the government to recommend a sentence reduction to 168 months pursuant to Rule 35 if it believes the cooperation provided sufficient to warrant such recommendation. The defendant believes he has fully cooperated but in light of the new role of the Federal Sentencing Guidelines it is somewhat murky as how this factor will play out.

Aside from Defendant's conviction for an offense related to the same facts considered herein - the images of the young girls at the roller rink - Defendant has no convictions for any crime. He has never been adjudged a pedophile and denies that he is. He explains his looking at child pornography as "getting caught up in it when he knew it was wrong."

He explains after being released from prison and while on probation, he participated in a sex offenders class. He came to realize how child pornography adversely affects its subjects and causes them never to recover from the shame and perverseness. He changed his behavior accordingly but it was too late. He could not change what happened before prison and what was exchanged between he and Emmerson after his release.

The Defendant understands the seriousness of the offense and knows he must go to prison. However, he believes that 17 ½ years is far too long for what he did. The majority of his criminal behavior occurred before October 31, 1999 when he was arrested in Indiana. His acts after release were the receipt of child pornography and taking and sending a few images which were not pornography as defined in 18 U.S.C. 2256. Even fourteen years (168 months) seems too harsh for his conduct. Certainly ten years would be an adequate deterrent to anyone contemplating such a crime.

It is suggested that in fairness to his victims as well as to the Defendant and so as to avoid unwarranted sentence disparities, the Defendant be sentenced to 120 months imprisonment. According to Guideline calculation, using a base offense level as 27 but not counting the additional levels caused by use of enhancements and allotting 3 levels off for acceptance his total offense level is 24. At criminal history category III, the maximum confinement period is 78 months. Counsel

1  understands this calculation fails to account for the statutory minimum of 120 months but it does
2  illustrate the appropriate calculation under U.S. v. Blakely.
3      It is respectfully recommended Defendant be sentenced to the statutory minimum of 120
4  months which term fairly represents Defendant's involvement in this conspiracy and his overall
5  culpability.

7  Dated: March 10, 2005                    Respectfully submitted,

9                                            /s/ DALE A. BLICKENSTAFF
                                             DALE A. BLICKENSTAFF
10                                           Attorney for Defendant